UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-21605-KMM

JANICE A. BARTLESON,

    Plaintiff,

v.

MIAMI-DADE COUNTY SCHOOL
BOARD,

    Defendant.
                                         /

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Miami-Dade County School Board's Motion to Dismiss the Complaint. *Mot*. (ECF No. 12). Plaintiff Janice A. Bartleson, Ph.D. filed a response. *Response* (ECF No. 13). Defendant filed a Reply. *Reply* (ECF No. 14). The Motion is now ripe for review. For the following reasons, the Motion to Dismiss is DENIED.

**I.    BACKGROUND**

Plaintiff—a blind employee of Miami-Dade County Public Schools who works as a counselor and emotional/behavioral disabilities clinician—sues Defendant for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and state law.[1] *Compl*. at 13–26. Plaintiff, who relies on screen-reader technology to use a computer independently, alleges that Defendant utilizes several software applications and web platforms that are not compatible with screen-reader technology. *Id*. at ¶¶ 8, 23, 28–29. Plaintiff must therefore rely on a sighted

---

[1] Title I of the ADA requires a plaintiff to file a charge with the Equal Employment Opportunity Commission ("EEOC") before filing a federal action. 42 U.S.C. § 12117(a). Plaintiff has complied with this requirement and filed the Complaint within ninety days of receiving a right-to-sue letter from the EEOC. *Compl*. at ¶ 59.

assistant to help her access these inaccessible platforms and applications, which include the online digital database that Plaintiff must use to input student data and the internal website that lists job opportunities. *Id*. at ¶¶ 30–40, 46. Plaintiff has requested that Defendant maintain technology that is accessible via screen reader and provide clerical support as necessary. *Id*. at ¶¶ 10–12, 42, 47. Defendant has denied Plaintiff's request for these accommodations. *Id*. at ¶ 48. Plaintiff identifies certain accommodations that Defendant has made—including having Plaintiff notified of some job vacancies and providing an assistant to help input data. *Id*. at ¶¶ 38, 51. Plaintiff alleges that these accommodations, however, are insufficient to alleviate her disability-based disadvantages. *Id*. at ¶ 61–114. Defendant moves to dismiss as set forth below. *Mot*. 1–8.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and alterations omitted). When considering a motion to dismiss, the court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.   DISCUSSION

### A. Grievance Procedure in Collective Bargaining Agreement

Defendant first argues that dismissal is appropriate because Plaintiff is required to address any labor disputes through the grievance procedure outlined in a collective bargaining

agreement that Defendant contends extends to Plaintiff's employment. *Mot*. at 3–5. "Statutory employment claims are independent of a collective bargaining agreement's grievance and arbitration procedures" unless three requirements are satisfied: (1) the employee agreed individually to the contract (rather than through a union during collective bargaining); (2) the agreement authorizes the arbitrator to resolve federal statutory claims; and (3) the agreement gives the employee the right to insist on arbitration if the federal statutory claim is not resolved during any grievance process. *Brisentine v. Stone & Webster Eng'g Corp*., 117 F.3d 519, 526 (11th Cir. 1997). Defendant—who supports its argument with citations to state case law instead of the binding precedent of this Circuit—has neither provided the allegedly applicable collective bargaining agreement for review nor addressed whether the three requirements identified above are satisfied. Consequently, the Court cannot conclude that Plaintiff is required to utilize the grievance procedure identified by Defendant to resolve her statutory claims of disability-based employment discrimination.

### B. Discrimination Under the ADA and the Rehabilitation Act

Defendant next argues that Plaintiff has failed to plead claims under the ADA and the Rehabilitation Act. *Mot*. at 5–10. The ADA prohibits disability-based employment discrimination, which includes discrimination in advancement and other privileges of employment. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001) (citing 42 U.S.C. § 12112(a)). To state a *prima facie* claim for discrimination under the ADA, a plaintiff must allege facts plausibly suggesting that "she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of her disability." *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000). "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases." *Id*. The Court concludes that Plaintiff's

allegations—that Defendant subjected her to unlawful disability-based discrimination by failing to provide adequate reasonable accommodations—are sufficient to state a *prima facie* claim for disability-based discrimination. Defendant's arguments to the contrary are unpersuasive.

Defendant first argues that Plaintiff has not identified an adverse employment action because she does not allege that she was fired, lost wages, or was transferred to another position. *Mot*. at 5–6. The ADA, however, "prohibits a broad variety of adverse employment actions" including disability-based discrimination in employment advancement and other privileges of employment. *Doe v. Dekalb Cty. Sch. Dist.*, 145 F.3d 1441, 1447 (11th Cir. 1998); *see also Lucas*, 257 F.3d at 1255. Consequently, Plaintiff's allegations that Defendant's failure to provide adequate reasonable accommodations hindered her access to postings about advancement opportunities and denied her other privileges of employment are sufficient to state a *prima facie* case of disability-based discrimination under the ADA and the Rehabilitation Act. *See Bagwell v. Morgan Cty. Comm'n*, 676 F. App'x 863, 865 (11th Cir. 2017) (discussing requirements for pleading *prima facie* case of disability-based discrimination for failure to provide a reasonable accommodation).

Defendant next argues that Plaintiff cannot maintain a claim under Title II of the ADA because she does not allege that she was denied access to any "services, programs, or activities." *Mot*. at 6–7. Defendant's argument plainly fails as Title II of the ADA contains a provision that "is not tied directly to the 'services, programs, or activities' of the public entity" and "protects qualified individuals with a disability from being 'subjected to discrimination by any such entity.'" *Bledsoe v. Palm Beach Cty. Soil and Water Conservation Dist.*, 133 F.3d 816, 8210 (11th Cir. 1998) (holding that Title II of the ADA encompasses employment discrimination claims). *Id*. Defendant acknowledges this well-established precedent but nonetheless urges the

Court to deviate from the law of this Circuit. *Reply* at 1–5. The Court is without authority to do so. *See United States v. Joyner*, —F.3d—2018 WL 3853443, *3 (11th Cir. 2018) (district court required to apply binding Circuit precedent).

### IV.     CONCLUSION

For the foregoing reasons and UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of August, 2018.

K. MICHAEL MOORE

CHIEF UNITED STATES DISTRICT JUDGE

c:     All counsel of record